**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIRIAN CONCEPCION RIVAS-DIAZ;
MONICA ITZEL RIVAS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 17-70552

Agency Nos.

A202-121-794; A202-121-795

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2026**

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

Mirian Concepcion Rivas Diaz and her daughter Monica Itzel Rivas petition

for review of the Board of Immigration Appeals' ("BIA's") order dismissing their

appeal from the immigration judge's ("IJ's") order denying Rivas Diaz's

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law, mixed questions of law and fact, and constitutional issues. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023). We deny the petition.

1.	The agency did not err in denying Rivas Diaz's applications for asylum and withholding of removal. When an applicant seeks asylum or withholding of removal based on membership in a "particular social group" ("PSG"), the applicant must demonstrate (1) "the existence of a cognizable particular social group," (2) "his membership in that particular social group," and (3) "a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014)). The BIA upheld the IJ's denial of asylum and withholding on the basis that Rivas Diaz failed to demonstrate membership in her proposed PSG, "women unable to leave a relationship based on societal expectations regarding gender and subordination."

---

[1]	Rivas Diaz is the lead petitioner, and Itzel Rivas seeks asylum only as a derivative beneficiary of her mother's application. Itzel Rivas is not entitled to assert a derivative claim for statutory withholding of removal or CAT relief. *Compare* 8 U.S.C. § 1158(b)(3) (allowing derivative asylum for spouses and children), *and* 8 C.F.R. § 1208.21, *with* 8 U.S.C. § 1231 (failing to provide derivative withholding of removal) *and* 8 C.F.R. § 1208.16.

17-70552

We review that factual finding for substantial evidence. *Hernandez-Montiel v. INS*, 225 F.3d 1084, 1091 (9th Cir. 2000) (whether applicant "is a member of a particular group is a question of fact, to which we apply the substantial evidence test"), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005) (en banc).

Substantial evidence supports the agency's finding that Rivas Diaz was not a member of the proposed PSG of "women unable to leave a relationship based on societal expectations regarding gender and subordination." Rivas Diaz testified that she tried to leave Walter two times. The first time, she started packing her belongings but Walter apologized and convinced her to stay. The second time, she went to stay with a friend. Walter came to the friend's house drunk, asked for her, and told Rivas Diaz to come with him or her friend would suffer the consequences. Walter also threatened the lives of Rivas Diaz and her daughter and threatened to beat Rivas Diaz's brother. Rivas Diaz testified that both her friend and her doctor encouraged her to report Walter's abuse to the police. When she did, the police took a report and told her she needed to leave Walter. Rivas Diaz left El Salvador seven days later. At the time she left the country, the police had not arrested Walter. In these circumstances, the record does not compel the conclusion that Rivas Diaz was unable to leave Walter because of societal expectations regarding gender and subordination.

2.    The agency also did not err in denying Rivas Diaz's application for relief under CAT.  To establish entitlement to CAT protection, an applicant must show, among other things, that she would face torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" in the proposed country of removal.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).  The BIA upheld the IJ's finding that Rivas Diaz failed to demonstrate that, if returned to El Salvador, she would more likely than not be tortured with government acquiescence.  We review the agency's determination that a petitioner did not show a likelihood of torture with government acquiescence for substantial evidence.  *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1222 (9th Cir. 2022).

Substantial evidence supports the agency's determination.  Country condition reports in the record show that El Salvador's laws criminalize domestic violence.  Although those laws are not always effectively enforced, the "general ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence."  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).  Further, the agency properly relied on evidence that the police took a formal report when Rivas Diaz reported Walter's violence and told Rivas Diaz to leave him.  Although the police did not arrest Walter or take other action

4                                                                17-70552

against him in the seven days between Rivas Diaz's filing of her report and leaving the country, that evidence does not compel a contrary conclusion.

**PETITION DENIED.**